Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1489

GUANG ZHAO ZHANG,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] U.S. Attorney General,

Respondent.

PETITION OF REVIEW OF A FINAL ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Boudin, Siler,[**] and Howard, <u>Circuit Judges</u>.

<u>Joshua E. Bardavid</u> was on brief for petitioner.
<u>Gregory G. Katsas</u>, Assistant Attorney General, Civil Division,
<u>Emily Anne Radford</u>, Assistant Director, and <u>Molly Debusschere</u>,
Attorney, Office of Immigration Litigation, Civil Division, were on
brief for respondent.

May 29, 2009

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric
H. Holder, Jr. has been substituted for former Attorney General
Michael B. Mukasey as the respondent.

[**]Senior Circuit Judge of the United States Court of Appeals
for the Sixth Circuit, sitting by designation.

**SILER**, <u>**Senior Circuit Judge**</u>.  Petitioner Guang Zhao Zhang seeks review of the final order of removal of the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  He argues that the BIA erred by concluding that he failed to demonstrate a well-founded fear of future persecution for his religious beliefs.  For the following reasons, we deny the petition for review.

## I.   BACKGROUND

Zhang, a native and citizen of the People's Republic of China, arrived in the United States in 2004 without valid entry documents and was detained at the border.  In 2005, after being charged by the Department of Homeland Security with being subject to removal, Zhang filed an application for asylum, withholding of removal, and protection under CAT.

Zhang claims that he was a Protestant Christian and was persecuted because of his religious beliefs.  In China, he attended mass with his grandmother.  Prior to 1999, she organized mass in public places in their village.  After 1999, when the police did not allow mass in public places, she held mass for ten to twenty people in her home.  In 2001, the police ransacked their home while they were away at a wedding.  Three weeks later, the police approached their house again, but Zhang's family left before the police arrived.  Two months later, his grandmother and parents

-2-

moved into an old house.  Zhang stayed with his uncle until he left China in 2004.  He attended middle school for one semester before dropping out.  His older brother and sister got jobs and moved to other places.  His parents and siblings still live and work in China and have not been harmed.

The Immigration Judge ("IJ") denied Zhang's petition for asylum and withholding of removal.  The IJ found that the core element in Zhang's claim (that he left China because of religious persecution) was not credible because the purpose of the police raids was not clearly shown, it seemed implausible that the family would flee and never return after the first contact with authorities, he had "extremely limited familiarity" with the Christian faith, and he had not attended church for two months and was not baptized.  The IJ also found, in the alternative, that Zhang had not demonstrated past persecution or a well-founded fear of future persecution in China on account of his religion for his asylum or withholding of removal claims.  There were no arrests, detentions, or physical injuries to Zhang or any member of his family.  There was no information on the purpose of the police raid or any reference to an arrest warrant or official proceedings.  There was no evidence of communication between Chinese officials and Zhang or any member of his family.

The BIA dismissed Zhang's appeal, adopting the IJ's decision in part.  Without reaching the IJ's credibility

-3-

determination, it held that "even assuming that [Zhang] was credible, he has not met his burden of proving that he suffered past persecution or that he has a well-founded fear of future persecution" for his asylum or withholding of removal claims. It noted that Zhang conceded in his appellate brief that he had not suffered past persecution. It also noted that Zhang remained unharmed while living with his uncle and attending middle school; the police raids of his home, when he was not there, were the only harm that came to him; he does not suggest that any Chinese officials were looking for him; and his family remains safely in China.

## II.  ANALYSIS

### A.  Standard of Review

We review the BIA's final order denying review under the substantial evidence standard; we consider the record as a whole and "reverse only if any reasonable adjudicator would be compelled to conclude to the contrary." El-Labaki v. Mukasey, 544 F.3d 1, 4-5 (1st Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).

### B.  Asylum Claim

To be eligible for asylum, an applicant must show that he is a "refugee," which includes any person that is unable or unwilling to return to his home country because of a well-founded fear of future persecution based on religion. 8 U.S.C. § 1101(a)(42)(A). To be well-founded, fear must be subjectively

genuine and objectively reasonable . Toloza-Jiminez v. Gonzales, 457 F.3d 155, 161 (1st Cir. 2005). A fear is objectively reasonable if "a reasonable person in the asylum applicant's circumstances would fear persecution." Aguilar-Solis v. INS, 168 F.3d 565, 572 (1st Cir. 1999).

Zhang did not establish that he had a well-founded fear of future persecution. He did not show that he would be targeted personally if returned to China; he had no personal encounter with the police; there was no evidence that the police were looking for him; he lived with his uncle for three years and went to school for one semester without harm; and his parents, older brother, and older sister still live and work in China and have not been harmed. See Khem v. Ashcroft, 342 F.3d 51, 54 (1st Cir. 2003). He also did not show that there was a pattern or practice of persecution of persons in similar circumstances in China. See id. at 54 n.2. According to the United States State Department 2005 Report on China, although the government's religious tolerance varies greatly in China, Protestantism is one of the five officially recognized religions and is rapidly growing. There is also no evidence that Zhang's former church opposed registration with the Chinese government, that similarly situated Christians were prohibited from worshiping in registered churches, or that Zhang was a member of a group subject to a pattern or practice of persecution. In sum, the

record, considered as a whole, does not compel the conclusion that Zhang has a well-founded fear of future persecution.

## C. **Withholding of Removal**

To be eligible for withholding of removal, an applicant must establish that it is "more likely than not" that his "life or freedom would be threatened" in his home country because of a statutorily protected ground such as religion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b)(1). The burden of proof for withholding of removal is more stringent than that for asylum. Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005). Because Zhang failed to meet the burden of proof for his asylum claim, he necessarily failed to meet the higher burden of proof for withholding of removal.

## D. **Convention Against Torture Claim**

Although Zhang applied for protection under the CAT, he devoted his appellate brief exclusively to whether he established past persecution or a well-founded fear of future persecution. Because he "failed to develop any argument supporting . . . his claim for protection under CAT," we deem this claim abandoned or waived. Nikijuluw v. Gonzales, 427 F.3d 115, 120 n. 3 (1st Cir. 2005). Moreover, because Zhang failed to raise his CAT claim at the hearing before the IJ or argue error in the denial of his CAT claim before the BIA, we lack jurisdiction to consider it. See Bollanos v. Gonzales, 461 F.3d 82, 87 (1st Cir. 2006).

### III. CONCLUSION

For the foregoing reasons, Zhang's petition for review is denied.